UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO. 12-1

GERARD J. HOWARD ET AL.                     SECTION "F"

ORDER AND REASONS

Before the Court are motions to sever by defendants Terrell Smothers and Troy Hankton. For the reasons that follow, defendants' motions are DENIED.

Background

On October 18, 2012, the Federal Grand Jury returned a twenty-two count superceding indictment, charging defendants Nakia Hankton, Shirley Hankton, Telly Hankton, a/k/a "Third" and "Wild," Thomas Hankton, a/k/a "Squirt," Troy Hankton, George Jackson, a/k/a "Black," Walter Porter, a/k/a "Urkel" and "Moonie," Derrick Smothers, a/k/a "Dump," and Terrell Smothers, with various violations of federal laws. The indictment alleges that beginning on a date unknown, but prior to January 1996, and continuing to the date of the superceding indictment, defendants were part of a criminal enterprise that historically encompassed the Uptown Central City area of New Orleans, primarily concentrated in the area bordered by Jackson Avenue, St. Andrew Street, Simon Bolivar, and Oretha Castle Haley. Specifically, the defendants are charged

1

as follows:

- **Count 1: RICO Conspiracy**
    Defendants Nakia Hankton, Shirley Hankton, Telly Hankton, Thomas Hankton, Troy Hankton, George Jackson, Walter Porter, Derrick Smothers, and Terrell Smothers were charged with conspiring to conduct the affairs of an enterprise through a pattern of racketeering activity, consisting of multiple acts involving murder, bribery, trafficking in controlled substances, and possession with the intent to distribute controlled substances, including cocaine base (crack cocaine), cocaine hydrochloride (powder cocaine), heroin, and marijuana.[1]

- **Count 2: Conspiracy to Distribute Controlled Substances**
    Defendants Nakia Hankton, Shirley Hankton, Telly Hankton, Thomas Hankton, Troy Hankton, George Jackson, Derrick Smothers, and Terrell Smothers did knowingly and intentionally combine, conspire, and confederate and agree with each other to distribute 280 grams or more of cocaine base (crack cocaine), five kilograms or more of cocaine hydrochloride (powder cocaine), one kilogram or more heroin, and a quantity of marijuana.

- **Count 3: Conspiracy to Possess Firearms**
    Defendants Andre Hankton, Nakia Hankton, Telly Hankton, Thomas Hankton, Troy Hankton, George Jackson, Kevin Jackson, Derrick Smothers, Terrell Smothers, and Walter Porter did knowingly and intentionally combine, conspire, confederate and agree with each other to, during and in relation to a crime of violence and a drug trafficking crime, use, carry, and possess firearms in furtherance of a crimes of violence and drug trafficking.

---

[1] Notably, the indictment alleges 101 overt acts that were committed by the defendants in furtherance of the conspiracy and to accomplish the objects of the conspiracy.

2

- **Count 4: Conspiracy to Obstruct Justice**
    Defendant Walter Porter did knowingly and intentionally combine, conspire, confederate and agree with other persons, to corruptly obstruct, influence, and impede an official proceeding by attempting to cause K.E. to falsely claim that G.H. did not possess a firearm on June 23, 2007, but rather that K.E. possessed the firearm.

- **Count 5: Murder in Aid of Racketeering**
    Defendants Andre Hankton and Telly Hankton as consideration for the receipt of, and as consideration for a promise and an agreement to pay, and for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, murdered Darnell Stewart.

- **Count 6: Causing Death Through the Use of a Firearm**
    Defendants Andre Hankton and Telly Hankton did knowingly use and carry a firearm during and in relation to a crime of violence and drug trafficking crime.

- **Count 7: Possession of a Short-Barreled Shotgun**
    Defendant Andre Hankton knowingly possessed a Winchester 20 gauge short-barreled shotgun, which is not registered to him.

- **Count 8: Murder in Aid of Racketeering**
    Defendants Telly Hankton, Walter Porter, and Kevin Jackson did murder Jesse Reed.

- **Count 9: Causing Death Through the Use of a Firearm**
    Defendants Telly Hankton, Walter Porter, and Kevin Jackson did knowingly use and carry a firearm during and in relation to a crime of violence and drug trafficking crime.

- **Count 10: Murder in Aid of Racketeering**
    Defendants Walter Porter and Thomas Hankton as consideration for the receipt of, and as consideration for a promise and an agreement to pay, and for the purpose of gaining

      entrance to and maintaining and increasing position in the enterprise, murdered Hasan Williams.

- **Count 11: Causing Death Through the Use of a Firearm**
  Defendants Walter Porter and Thomas Hankton did knowingly use and carry a firearm during and in relation to a crime of violence and drug trafficking crime.

- **Count 12: Felon in Possession of a Firearm**
  Defendant Walter Porter, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly posses in and affecting interstate commerce an unknown make and model of a firearm.

- **Count 13: Assault with a Dangerous Weapon in Aid of Racketeering**
  Defendants Thomas Hankton, Telly Hankton, and Walter Porter did commit an assault with a dangerous weapon on J.M.

- **Count 14: Use and Carrying of a Firearm During and in Relation to a Crime of Violence and a Drug Trafficking Crime**
  Defendants Thomas Hankton, Telly Hankton, and Walter Porter did knowingly use and carry a firearm during and in relation to a crime of violence and drug trafficking crime.

- **Count 15: Murder in Aid of Racketeering**
  Defendant Walter Porter as consideration for the receipt of, and as consideration for a promise and an agreement to pay, and for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, murdered Curtis Matthews.

- **Count 16: Causing Death Through the Use of a Firearm**
  Defendant Walter Porter did knowingly use and carry a firearm during and in relation to a crime of violence and drug trafficking crime.

- **Count 17: Conspiracy to Commit Misprision of a Felony**
  Defendants Thomas Hankton, Netthany Schexnayder, and Sana Johnson did knowingly and willfully combine, conspire, and agree with each other to knowingly commit the crime of misprision of a felony, having knowledge of the actual commission of felonies.

- **Count 18: Accessory After the Fact to Murder**
  Defendants Thomas Hankton, Netthany Schexnayder, and Sana Johnson, knowing that an offense against the United States has been committed, received, relieved, comforted, and assisted the offender, Telly Hankton, in order to hinder and prevent the offender's apprehension, trial, and punishment.

- **Count 19: Felon in Possession of a Firearm**
  Defendant Walter Porter, having been previously convicted of a crime punishable by a term exceeding one year, did knowingly possess in and affecting interstate commerce, ammunition and a Romarm 7.62 caliber semi-automatic assault rifle.

- **Count 20: Felon in Possession of a Firearm**
  Defendant Walter Porter, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce, ammunition and a model 17, 9 mm Glock semi-automatic handgun.

- **Count 21: Money Laundering Conspiracy**
  Defendants Telly Hankton, Thomas Hankton, and Shirley Hankton, did knowingly and intentionally combine, conspire, confederate and agree with each other to knowingly and willfully conduct and attempt to conduct financial transactions, which involved the proceeds of a specified unlawful activity.

- **Count 22: Perjury**
  Defendant Shirley Hankton, under oath and duly sworn, did knowingly and unlawfully and contrary to oath make certain material false statements to a United States Grand Jury.

In summary, over a period of at least sixteen years, and involving fourteen defendants, the indictment alleges charges of a most serious, wicked, and alarming nature; the murder of four individuals, assault with a deadly weapon, possession and distribution of a significant quantity of various drugs (crack cocaine, powder cocaine, heroin, and marijuana), a variety of weapons offenses (a 20 gauge short-barreled shotgun, Romarm 7.62 caliber semi-automatic assault rifle, and 9 mm Glock semi-automatic handgun), money laundering, lying under oath, and obstruction of justice.

Reflecting the seriousness of the charges in this case, five of the defendants--Andre Hankton, Telly Hankton, Walter Porter, Kevin Jackson, and Thomas Hankton, each charged with murder--are eligible to face the death penalty if convicted. Moreover, on December 5, 2012, the Court ordered that an anonymous jury will be used for the trial in this case. In an extensive opinion, the Court explained that an anonymous jury is necessary based on the Krout factors,[2] relevant case law, and the allegations against the

---

[2] These include:

 (1) The defendants' involvement in organized crime;
 (2) The defendants' participation in a group with the capacity to harm jurors;
 (3) The defendants' past attempts to interfere with the judicial process or witnesses;
 (4) The potential that, if convicted, the defendants will suffer a lengthy incarceration and substantial monetary penalties; and
 (5) The presence of extensive publicity that could enhance the

defendants.

Two of the non-death eligible defendants, Terrell Smothers and Troy Hankton, now move to sever their trials from that of their codefendants. Although both concede that the initial joinder of all defendants and offenses in this case was proper under Rule 8 of the Federal Rules of Criminal Procedure, they contend that because joinder will result in what they claim to be prejudice, Rule 14 requires severance.

### Law and Application

Rule 8(b) of the Federal Rules of Criminal Procedure states:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

When defendants are indicted together, joint trials are favored, because "[t]hey promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." Zafiro v. United States, 506 U.S. 534, 537 (1993) (internal quotation marks and citation omitted). This is especially true in a conspiracy case. United States v. Perez, 489 F.2d 51, 65 (5th Cir. 1973).

However, recognizing that joinder may prejudice a defendant,

---

> possibility that the jurors' names would become public and expose them to intimidation and harassment.

United States v. Krout, 66 F.3d 1420, 1427 (5th Cir. 1995).

or even the government in some cases, Rule 14 of the Federal Rules of Criminal Procedure allows the court the discretion to "sever the defendants' trials, or provide any other relief that justice requires." Nonetheless, a severance is appropriate under Rule 14 only where "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539. Severance may be fair, for example, where evidence that is probative of one defendant's guilt but inadmissible against another defendant presents a risk of prejudice. Id. Severance should not be granted where less drastic measures, such as curative jury instructions, will suffice. Id. Finally, the Court notes that motions for severance are rarely granted, and a decision to deny such a motion will be reviewed on appeal only for abuse of discretion. Perez, 489 F.2d at 65.

Terrell Smothers and Troy Hankton each request to be tried separately from their codefendants. They contend that without a severance from their death-eligible codefendants, a jury will be unable to fairly judge their guilt or innocence. Specifically, they contend that the jury will impermissibly consider evidence about the murders, with which their codefendants are charged, against them, and that they will suffer unfair prejudice as a result. The Court disagrees.

Defendants fail to demonstrate any specific or discrete risk to a trial right, or that the jury will be unable to reliably judge

8

their guilt or innocence, should they be tried jointly with their various codefendants. See Zafiro, 506 U.S. at 539. Defendants' tactical argument that evidence related to the alleged murders committed by their death-eligible codefendants will necessarily be inadmissible against them lacks merit; the defendants are charged with a conspiracy encompassing those very same claims of murders. See id. Neither they or this Court can say now what will or will not be let into evidence at trial. Moreover, despite defendants' contentions to the contrary, this Court's order for an anonymous jury in no way compels the conclusion that a severance is warranted. Any risk of prejudice that might possibly arise at trial can and will be cured by this Court through conscientious and less drastic measures than severance, such as cautioning jury instructions and an intense jury selection process.[3] See id.

Accordingly, defendants' motions to sever are DENIED.

New Orleans, Louisiana, October 8, 2013

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[3] As counsel obviously are aware, the use of an anonymous jury, under proper case-specific circumstances, is hardly unknown or unusual.